Kewal Krishan BEDI; Chandan Bala Bedi; Rishu Bedi; Roji Bedi, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–74435.

United States Court of Appeals, Ninth Circuit.

Submitted June 7, 2004.*

Decided June 15, 2004.

---

Garish Sarin, Esq., Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ernesto H. Molina, Jr., Russell J.E. Verby, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: D.W. NELSON, GIBSON,** and GRABER, Circuit Judges.

## MEMORANDUM ***

Kewal Krishan Bedi, his wife Chandan, and their two minor children, natives and citizens of India, appeal the orders of the Board of Immigration Appeal ("BIA"), which affirmed the decision of the immigration judge ("IJ") to deny their applications for asylum and withholding of removal. The IJ denied the Bedis' applications, finding that neither Mr. Bedi nor Mrs. Bedi was credible. Because substantial evidence in the record supports this decision, we affirm.

The IJ discusses numerous inconsistencies and implausibilities in the Bedis' applications. Admittedly, some of the IJ's reasons for finding the Bedis' testimony not to be credible are based on impermissible speculation and conjecture, see Bandari v. INS, 227 F.3d 1160, 1167 (9th Cir.2000), and some of the inconsistencies the IJ cites are minor and, standing alone, could not justify an adverse credibility finding, see Vilorio–Lopez v. INS, 852 F.2d 1137, 1142 (9th Cir.1988). However, several of the grounds cited by the IJ are supported by the record and go to the heart of the Bedis' claims; therefore, we must uphold the IJ's adverse credibility finding. See Wang v. INS, 352 F.3d 1250, 1259 (9th Cir.2003).

First, Mr. Bedi's testimony that his wife did not receive any threats while he was still in India directly contradicted his asylum application, in which he wrote that "the militants also went to my wife's office and warned her that if I did not stop my activities, the entire family would be wiped out." Second, Mr. Bedi's testimony regarding his abduction on February 24, 1990, conflicted with both his own declaration and his wife's testimony. Third, Mr. Bedi inconsistently and implausibly testified that, following the attack on the motorcade on November 19, 1989, the police spent only fifteen to twenty minutes on the scene and completed a report, but did not interview any witnesses. Finally, Mrs. Bedi repeatedly contradicted herself and her children in her testimony regarding the attempted kidnaping of her children on July 20, 1992.

Each of these inconsistencies was specifically and cogently described by the IJ, and supported by substantial evidence in

---

** The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**236**

the record. Each of these inconsistencies also casts doubt on the events that lie at the heart of the Bedis' applications for asylum and therefore cannot be dismissed as "minor." Since the Bedis fail to carry the heavy burden of establishing that the evidence in their favor " 'was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution,' " we must uphold the BIA's decision. *Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc) (quoting *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).[1]

Because the Bedis failed to establish eligibility for asylum, they necessarily failed to satisfy the more stringent "clear probability" standard for withholding of removal. *See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

**PETITION DENIED.**

---

1. To the extent that the Bedis claim that their hearing lacked due process because the IJ was biased, that claim is not borne out by the record.

